WILLIAM R. TAMAYO - #0844965 (CA)
JONATHAN T. PECK - #12303 (VA)
SANYA HILL-MAXION - #18739 (WA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA  94105-1260
Telephone Number:  (415) 625-5650
Facsimile Number:  (415) 625-5657
E-mail:  Sanya.Hill@eeoc.gov

Attorneys for Plaintiff EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FENN C. HORTON III, Esq., State Bar No. 119888 (CA)
ANTHONY J. ADAIR, Esq. State Bar No. 246811
PAHL & MCCAY
225 West Santa Clara Street, Suite 1500
San Jose, CA  95113-1753
Telephone Number:  (408) 286-5100
Facsimile Number:  (408) 286-5722

Attorneys for Defendant
SLADANA LUCICH, d/b/a WHITE OAKS AUTO BODY

***E-FILED - 8/19/08***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>     vs.<br><br>SLADANA LUCICH, d/b/a WHITE OAKS AUTO BODY,<br><br>            Defendants. | CIVIL ACTION NO. C-07-00507-RMW<br><br>**CONSENT DECREE** |

## I. INTRODUCTION

On January 25, 2007, Plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed this action pursuant to the Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Parties Maria Guadalupe Quinones, Maria Gomez, Ricardo Lirios, Alfonso Juarez, Luis Mendoza and Raul Mora (hereinafter "Charging Parties"). Plaintiff EEOC alleged that Defendant Sladana Lucich, d/b/a White Oaks Auto Body ("White Oaks") discriminated against Maria Guadalupe Quinones and Maria Gomez when they were sexually harassed by the shop manager. The EEOC further alleged that, when complaints were made the by the Charging Parties about the harassment and work conditions at White Oaks Auto Body, they were unlawfully terminated on September 28, 2005 in retaliation for opposing the unlawful discrimination.

On March 2, 2007, Defendant White Oaks answered the complaint and denied liability on all claims asserted by the EEOC.

The EEOC and White Oaks want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation. They enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII.

## II. NON-ADMISSION OF LIABILITY

This consent decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of liability or violations by White Oaks.

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## III. GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. This Consent Decree constitutes a full resolution of Plaintiff's complaint in Civil Action No. C-07-00507-RMW and the facts alleged in the underlying charges of discrimination

filed by Ms. Guadalupe Quinones, Ms. Gomez, Mr. Lirios, Mr. Juarez, Mr. Mendoza and Mr. Mora with the EEOC (Charge Nos. 370-2004-03048, 370-2004-03049, 370-2004-03050, 370-2004-03051, 370-2004-03053 & 370-2004-03054).

3. This Consent Decree shall become effective upon its entry by the Court.

4. Each party shall bear its own costs and attorney's fees.

## IV.   GENERAL INJUNCTIVE RELIEF

1. *Sexual Harassment*: Defendant, its officers, agents, management (including supervisory employees), and all those in active concert or participation with them, or any of them, are enjoined from knowingly and intentionally (a) engaging in or being a party to any action, policy, practice at White Oaks Auto Body that is intended to or is known to them to have the effect of sexually harassing or intimidating any employee on the basis of sex; or (b) knowingly and intentionally creating, facilitating or permitting the existence of discrimination on the basis of sex at White Oaks Auto Body.

2. *Retaliation*: Defendant, its officers, agents, management (including supervisory employees), successors or assigns, and all those in active concert or participation with them, are enjoined from knowingly and intentionally engaging in, implementing or knowingly and intentionally permitting any action, policy or practice at White Oaks Auto Body with the purpose of retaliating against any current or former employee of Defendant because she or he complained about sexual harassment, filed a Charge of Discrimination alleging any such practice, testified or participated in any manner in any investigation of a sexual harassment complaint (including, without limitation, any internal investigation undertaken by Defendant), proceeding or hearing in connection with this case; or was identified as a possible witness in this action.

## V.   MONETARY RELIEF

1. In full and final settlement of the claims alleged in the Complaint, White Oaks agrees to pay the total sum of Ninety-Eight Thousand Dollars ($98,000.00) to the Charging Parties, inclusive of their claims for reasonable attorney's fees due and owing to the Charging Parties' private counsel, Talamantes, Villegas, Carrera, LLP ("TVC"), which shall be an amount

1 | no greater than $5,000.00.  Such fees shall be deducted from the monetary relief amount prior to
2 | the calculation or distribution of Charging Parties' respective shares of the relief.  The amounts to
3 | be paid to the individual Charging Parties shall be determined by the EEOC.

4 |     2.      To secure payment of the $98,000.00 plus accrued interest  under and pursuant to
5 | the CONSENT DECREE herein, JOSEPH M. LUCICH and SLADANA LUCICH, husband and
6 | wife, ("the Luciches") do jointly and severally hereby agree to grant to and on behalf of the
7 | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC") a Deed of Trust
8 | encumbering that certain real property commonly known as 1555 Washington Street, Santa Clara,
9 | California, and more particularly described by way of **Exhibit A**, filed herewith, constituting the
10 | legal description thereof.  The Luciches will jointly and severally execute and notarize that certain
11 | Deed of Trust in the form and format as set forth by way of **Exhibit B**, filed herewith, and
12 | incorporated by reference as though fully set forth herein.

13 |     3.      White Oaks agrees to pay the total sum of  $98,000.00 plus 4% interest per annum
14 | in forty-eight (48) equal monthly installments of $ 2,212.75  each due and payable on the 1st day
15 | of each and every month, beginning on September 1, 2008,  and continuing consecutively until
16 | paid in full, with interest accruing from September 1, 2008  at the rate of four percent (4%) per
17 | annum on the declining unpaid balance thereof.

18 |     4.      In the event of default by nonpayment of any installment when due, with seven
19 | (7) days grace thereunder, and notice as set forth herein, EEOC shall have the right to declare all
20 | of the remaining installments, and each of the same, immediately due and payable, declare the
21 | total sum due, and proceed to enforce any and all rights and remedies, and each of the same, as
22 | permitted under the Deed of Trust herein, and otherwise under the CONSENT DECREE.  EEOC
23 | shall not be bound by any election of remedies, and moreover, shall be entitled to exercise any
24 | and all remedies in any order based upon the discretion of EEOC.  The failure and/or decision to
25 | decline any remedy shall not act as a waiver of such remedies, and such remedies be and the same
26 | are hereby preserved thereunder.

27 |     5.      The Luciches warrant, promise and represent, that the property does not bear any
28 | other encumbrances, liens, deeds of trust, mortgages, or other instruments, whether recorded or

1  otherwise, other than those represented by that certain Litigation Guaranty which is attached
2  hereto marked **Exhibit "A",** and that they have not otherwise granted, any other lien, deed of
3  trust, mortgage, conveyance, or suffered any encumbrance thereunder, voluntarily or
4  involuntarily herein.

5  6. The Luciches warrant, promise and represent, that they will keep current and pay,
6  when required, all of the obligations, and each of the same, which are secured by the subject real
7  property; shall not engage in any act, omission or occurrence, which constitutes waste, impairing
8  the subject real property; shall keep the property free of any toxic hazard, waste or incident; shall
9  insure the property for the full fair market value thereof, and make the EEOC a named payee or
10 beneficiary therein; shall make available any and all books, records, papers and files relating to
11 the property for purposes of inspection by the EEOC upon reasonable demand therein; and shall
12 otherwise refrain from taking any act, action, omission or occurrence, which would impair the
13 secured position of the EEOC in and to the subject real property, or any part thereof.

14 7. In the event of the sale, lien, finance, refinance, or destruction of the subject real
15 property, EEOC shall be entitled to accelerate all of the remaining installments and the remaining
16 balance of the settlement amount shall be immediately due and payable, which shall entitle EEOC
17 to enforce all rights and remedies herein.

18 8. The monetary terms of this CONSENT DECREE be and the same shall be deemed
19 "due on sale," entitling EEOC to full payment of all obligations therein remaining as of the date
20 of sale.

21 9. The settlement amount above is being paid in complete compromise of all issues
22 arising out of the Complaint filed in this lawsuit, Civil Action No. C-07-00507-RMW, U.S.
23 District Court for the Northern District of California.

24 10. The monetary relief shall be paid as follows:
25   a. <u>Amount and Payee of Payments.</u>  White Oaks will issue a single check
26 each month in the amount of $ 2, 212.75 ("installment payment") and shall make payment in the
27 form of a business check, cashier's check, or certified check made payable to attorneys for the
28 Charging Parties, Talamantes, Villegas, Carrera, LLP, of San Francisco, California ("TVC").

1  TVC will deposit and hold all installment payments received in the firm's Attorney Client Trust

2  Account, with all interest earned thereon going to the California State IOLTA fund.

3        b.    <u>Delivery of Checks.</u>  On or before the first (1st) day of each month that

4  installment payments become due, White Oaks shall deliver the installment payment to the office

5  of TVC, located at 1550 Bryant Street, Suite 725, San Francisco, California 94103 (Tel. 415-861-

6  9600; Fax 415-861-9622), and will send a copy of each installment payment check to the EEOC,

7  to the attention of Sanya Hill Maxion, Senior Trial Attorney, at the address listed in this

8  document, within ten (10) days of mailing or delivering the installment payment check to TVC.

9        c.    <u>Distribution of Monetary Relief to Charging Parties.</u>  TVC will disburse

10  payments to the Charging Parties through issuing separate checks to each Charging Party on a

11  quarterly basis (4 times per year).  Each quarter, TVC will issue and mail these checks within ten

12  (10) business days of receiving the installment payment from White Oaks, beginning the third

13  (3rd) month after the initial installment payment is received.  The amounts of the disbursements

14  shall be determined by and in accordance with the portion of the total settlement amount that the

15  EEOC determines shall be due to each Charging Party.  The EEOC's monetary allocation has

16  been provided to TVC in a separatedocument.

17        d.    TVC shall cause to be issued IRS Form 1099-MISC to each Charging

18  Party, to the extent and in the manner that such forms are required by law.

### VI. SPECIFIC INJUNCTIVE RELIEF

1. *Sexual Harassment and Retaliation Policy*

Defendant will incorporate the following "Statement of Zero-Tolerance Policy and Equality Objectives" in its EEO and Harassment Policy:

> Defendant is firmly committed to maintaining a zero-tolerance policy concerning discriminatory harassment and retaliation against individuals who report harassment in the company's workplace; to swiftly and firmly responding to any acts of harassment and retaliation of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people.

In order to accomplish the objectives embodied in the Statement of Zero-Tolerance Policy and Equality Objectives and this Consent Decree, Defendant shall further develop and implement the following policies, procedures and practices:

EEO and Harassment Policies

    a.    Defendant agrees that to the extent necessary it shall issue a separate policy or modify its existing EEO & harassment policies, within ninety (90) days of signing the Consent Decree, such that the policies: (i) include definitions of discriminatory harassment, with specific reference to harassment based on sex; (ii) include examples to supplement the definitions of harassment based on sex; (iii) provide for substantial discipline and/or corrective action for incidents of discriminatory harassment; (iv) include strong non-retaliation language with examples to supplement the definition of retaliation; (v) provide for substantial discipline for incidents of retaliation; (vi) provide that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (vii) explain that Defendant will conduct a prompt and thorough investigation after a complaint is made or received and, where appropriate, will take remedial action upon conclusion of an investigation; and (viii) indicate that, promptly upon the conclusion of the investigation of a complaint, Defendant will communicate to the complaining party the results of the investigation and at least a general description of the remedial actions taken or proposed, if any. The sexual harassment and retaliation policy shall be written in English and Spanish.

    b.    Defendant shall effectively disseminate its revised policies and procedures by:

        i.    Distributing copies to all current employees within 10 days of their adoption;

        ii.    Giving a copy of the policy to and reviewing the policy with all new employees upon the employees' hire.

    c.    Defendant will submit a copy of the revised EEO and harassment policies

to EEOC at the same time it submits its report on the completion of training as described below in Paragraph 2 of this Section.

Complaint Procedures:

    d.    Defendant shall develop or revise its complaint policies and procedure to the extent necessary, such that they are designed to encourage employees to come forward with complaints about violations of its harassment policy.  As part of the policy, Defendant shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation.  Defendant's complaint procedure and harassment policy shall notify employees that they may lodge a complaint with the Shop Manager, the Owner or any other Manager with supervisory responsibility. Defendant will submit a copy of the complaint procedures to the EEOC at the same time it submits its training materials as required by Paragraph 2 of this Section.

Supervisory Accountability:

    e.    Defendant agrees that it shall impose substantial discipline - up to and including termination, suspension without pay or demotion - upon any supervisor or manager whom Defendant determines has engaged in unlawful harassment or has knowingly permitted any such conduct to occur in his or her work area or among employees under his or her supervision, or who Defendant determines has retaliated against any person who complains or participates in any investigation or proceeding concerning any such harassment.

    f.    Defendant shall communicate this policy to all current supervisors and managers when it disseminates its revised EEO and harassment policies or no later than 45 days after entry of this Decree if the policy does not require revision.

    g.    Defendant shall communicate this policy to all other supervisors and managers at the time they are hired or promoted to supervisor/manager and subsequently, on an annual basis.

    h.    Defendant agrees that it shall advise all managers and supervisors of their duty to actively monitor their work areas to ensure employee compliance with the

harassment policy, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the Shop Manager, the Owner or any other Manager with supervisory authority.

2. **Sexual Harassment Anti-Discrimination Training.** Within one-hundred eighty days (180) of entry of this decree, White Oaks will present training on sexual harassment, discrimination and retaliation to all of Managers and Supervisors. The cost of the training will be borne by White Oaks.

a. The training described in the preceding paragraph shall be provided by individuals with established experience in the area of employment discrimination. The training will include examples of sexual harassment and retaliation practices that violate Title VII. The training will inform each participant that he or she is responsible for knowing and complying with the contents of White Oak's Anti-Discrimination policies.

b. White Oaks will retain records for the duration of the training it provided pursuant to this decree. The records will list the date of the training and the persons who attended the training. White Oaks will provide a copy of these records and the training materials to the EEOC within thirty (30) days of completion of the training.

**VII.   RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

1. This Consent Decree shall terminate within four (4) years from the date of entry by the court, unless the EEOC petitions this court for an extension of the Decree because of noncompliance by White Oaks. If the EEOC determines that White Oaks has not complied with the Consent Decree, the EEOC will provide written notification of the alleged breach to counsel for White Oaks listed above and will not petition the court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the EEOC petitions the court and the court finds White Oaks to be in substantial violation of the terms of the Decree, the court may extend this Consent Decree.

2. This Court shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Consent Decree.

On behalf of Plaintiff:

DATED: Aug. 11 2008

_____
WILLIAM R. TAMAYO
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

DATED: Aug. 11 2008

_____
JONATHAN T. PECK
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

DATED: August 11, 2008

_____
SANYA HILL MAXION
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

On Behalf of Charging Parties:

DATED: ~~June~~ 2008
July 31,

_____
VIRGINIA VILLEGAS
JENNIFER REISCH
TALAMANTES, VILLEGAS, CARRERA, LLP.

On Behalf of Defendant:

DATED:    June 17 2008

_____
FENN C. HORTON III
PAUL & McCAY

DATED:    June 17 2008

_____
MICHAEL LUCICH
WHITE OAKS AUTO BODY

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: June 17 2008 | *Sladana Lucich* |
| 3 | | SLADANA LUCICH<br>WHITE OAKS AUTO BODY |
| 4 | APPROVED AND SO ORDERD: | |
| 5 | *Ronald M Whyte* | Dated: 8/18/08 |
| 6 | U.S. DISTRICT JUDGE RONALD M. WHYTE | |